IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | | |
|---|---|---|
| **RESA O'REILLY** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 11-0081 |
| | : | |
| **GOVERNMENT OF THE VIRGIN ISLANDS,** *et al.* | : | |

**MEMORANDUM OPINION**

**Savage, J.**                                                                                                 **June 30, 2015**

In this action arising out of a mold condition in the workplace, plaintiff Resa O'Reilly contends that her employer discriminated against her by refusing to reasonably accommodate her disability caused by her allergic reaction to mold in violation of the Americans with Disabilities Act ("ADA")[1], constructively discharged her, intentionally and negligently caused her emotional distress, violated the federal Occupational Health and Safety Act of 1970 ("OSHA")[2] and the Virgin Islands Health and Safety Act[3], and failed to provide a safe working environment. She also alleges that Overseas Freight, Inc., the owner of the building, violated its duty to keep the premises safe. She seeks compensatory and punitive damages, and attorney's fees.

---

[1] 42 U.S.C. § 1201 *et seq.*

[2] 29 U.S.C. § 651 *et seq.*

[3] V.I. Code Ann. tit 24, § 35.

She has named as defendants the Government of the Virgin Islands, the Virgin Islands Department of Justice ("VIDOJ"), Attorney General Vincent Frazer, Deputy Attorney General Wayne Anderson and Overseas Freight, Inc.

Moving to dismiss O'Reilly's claims, the Government defendants have filed a motion for judgment on the pleadings, pursuant to Federal Rule of Civil Procedure 12(c). They contend that O'Reilly's tort claims should be dismissed for lack of jurisdiction because she failed to comply with the procedural requirements of the Virgin Islands Tort Claims Act ("VITCA");[4] her OSHA cause of action should be dismissed because OSHA does not provide for a private cause of action; she cannot be awarded punitive damages; she has not sufficiently alleged that she was constructively discharged; and her ADA claim should be dismissed because she has not alleged that she was qualified for her position or that she has a disability covered by the ADA.

We conclude that O'Reilly has stated a claim under the ADA, but she has not done so with respect to her remaining claims. Her tort claims fail for lack of jurisdiction because she did not comply with the notice requirements of the VITCA. OSHA does not provide a private cause of action. Punitive damages are not available against the Government defendants. She did not state a cause of action based upon constructive discharge. Therefore, we shall grant the Government defendants' motion for judgment on the pleadings in part and deny it in part.

---

[4] V.I. Code Ann. tit. 33, § 3408.

## Factual Background[5]

O'Reilly, who has a degree in criminal justice, began working for the VIDOJ on December 20, 2010.[6] She was the Project Manager for the VIDOJ's Sex Offender Registry, and responsible for the Sentencing, Monitoring, Apprehending, Registering and Tracking ("SMART") program on St. Croix.[7]

Soon after her employment at the DOJ began, O'Reilly experienced pressure headaches, aggravated sinus pressure, pain around her left eye and a numbing sensation on the left side of her face.[8] She experienced these symptoms only at work.[9] Outside the workplace, she was pain free and did not have any headaches or sinus-related pressure.[10]

From January 3 to 21, 2011, O'Reilly was out of work for either administrative leave, training or sick leave.[11] Immediately upon her return to work on January 24, 2011, she again experienced the pain and sinus-related symptoms. To deal with her allergic reactions, O'Reilly worked out of her car and used her sick leave.[12]

---

[5] The facts as recited are taken from O'Reilly's complaint. For purposes of considering the motion to dismiss, we accept them as true and draw all reasonable inferences from them in favor of the plaintiff.

[6] Compl. ¶ 10.

[7] Compl. ¶ 11.

[8] Compl. ¶ 15.

[9] Compl. ¶ 14.

[10] Compl. ¶ 18.

[11] Compl. ¶¶ 17-19.

[12] Compl. ¶ 21.

On January 26, 2011, O'Reilly asked Anderson, her supervisor, to perform an air quality test at the VIDOJ's office.[13] Two days later, O'Reilly wrote a memorandum to Anderson detailing her allergic reactions in the workplace.[14] In the memorandum, O'Reilly described the "pain and discomfort" she experienced at work.[15]

Shortly after, on February 7, 2011, she submitted a written request for temporary relocation because her allergic reactions were affecting her ability to work. O'Reilly disclosed that her headaches were becoming worse and that she was pregnant. She included a doctor's note confirming her pregnancy.[16] Anderson denied her relocation request the next day.[17] Sometime after, a coworker told O'Reilly that the VIDOJ office building had mold issues.[18] Armed with this information, she wrote another memorandum to Anderson on February 14, 2011, stating that she had learned of persistent mold issues in the VIDOJ office building.[19]

On February 17, 2011, Frazer, citing budgetary constraints, denied O'Reilly's requests for an air quality test and relocation.[20] By letter dated March 24, 2011, Frazer advised O'Reilly that he was extending her probationary period for three months and

---

[13] Compl. ¶ 23.

[14] Compl. ¶ 27.

[15] Compl. ¶ 27.

[16] Compl. ¶¶ 28-30.

[17] Compl. ¶ 32.

[18] Compl. ¶ 34.

[19] Compl. ¶ 35.

[20] Compl. ¶ 39.

recommending her for termination if her attendance did not improve.[21] In her pay check received on the same day, O'Reilly was paid $12.46 for a two-week pay period.[22] The next day, O'Reilly lodged a formal complaint with the Occupational Safety and Health Administration. A few days later, on March 30, 2011, a representative from the Occupational Safety and Health Administration sent the VIDOJ a letter alerting them of the complaint and directing them to remedy the problem.[23]

On April 12, 2011, O'Reilly was seen by a physician, Dr. Prasad, for illness related to her work environment. Dr. Prasad sent Anderson a doctor's note recommending that O'Reilly "refrain from work until the mold issue is resolved at her work place".[24] On June 16, 2011, O'Reilly provided Anderson a note from her allergist, Dr. Thomas, who confirmed her allergic condition and recommended she be relocated to another place free of mold and dust.[25]

On August 18, 2011, O'Reilly filed her complaint in this court.

## Standard of Review

We analyze a Rule 12(c) motion for failure to state a claim using the same standard as that used for a Rule 12(b)(6) motion. *Revell v. Port Auth. of New York, New Jersey*, 598 F.3d 128, 134 (3d Cir. 2010) (citation omitted); *Liburd v. Gov't of Virgin*

---

[21] Compl. ¶¶ 41, 43.

[22] Compl. ¶ 42.

[23] Compl. ¶ 45.

[24] Compl. ¶ 47. The complaint does not state what the doctor's note said or whether O'Reilly gave it to her employer.

[25] Compl. ¶¶ 58-59. Although the complaint does not state whether O'Reilly still works for the DOJ, in her opposition to the defendants' motion for judgment on the pleadings, she stated that she was eventually terminated. *See* Pl.'s Opp'n. to Defs.' Mot. for J. on the Pleadings ("Pl.'s Opp'n") at 4 (Doc. No. 41).

*Islands*, No. 2011-020, 2013 WL 960780, at *2 (D.V.I. Mar. 13, 2013). When considering a motion to dismiss for failure to state a claim, all well-pleaded allegations in the complaint are accepted as true and viewed in the light most favorable to the plaintiff. *Holk v. Snapple Beverage Corp.*, 575 F.3d 329, 334 (3d Cir. 2009) (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), giving the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A "formulaic recitation of the elements of a cause of action" is not sufficient to survive a motion to dismiss. *Twombly*, 550 U.S. at 555. The complaint must put forward "direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Id.* at 562 (quoting *Car Carrier, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)); *Butler v. BTC Foods Inc.*, No. 12-492, 2012 WL 5315034, at *1 (E.D. Pa. Oct. 19, 2012).

## Discussion

### Virgin Islands Tort Claims Act

A plaintiff bringing a tort claim against the Government of the Virgin Islands must comply with the notice requirements of the Virgin Islands Tort Claims Act ("VITCA"), V.I. Code Ann. tit. 33, § 3408 *et seq.* "Timely compliance with VITCA's notice requirement is a jurisdictional prerequisite to bringing suit on a plaintiff's tort claims." *Speaks v. Gov't of the Virgin Islands*, Civ. A. No. 2006-168, 2009 WL 167330, at *6 (D.V.I. Jan. 14, 2009) (citing *Delgado v. Gov't of the Virgin Islands*, 137 F. Supp. 2d 611, 615 (D.V.I. App. Div. 2001)).

> Under the VITCA:
>
> > No judgment shall be granted in favor of any claimant unless such claimant shall have complied with the provisions of this section applicable to his claim:
> >
> > . . . . a claim to recover damages for injuries to property or for personal injury caused by the tort of an officer or employee of the Government of the Virgin Islands while acting as such officer or employee, *shall be filed within ninety days after the accrual of such claim unless the claimant shall within such time file a written notice of intention to file a claim therefor*, in which event the claim shall be filed within two years after the accrual of such claim.

V.I. Code Ann. tit. 33, § 3409 (emphasis added). Therefore, to satisfy the notice prerequisite, a plaintiff must, within ninety days of the accrual of the claim, either file suit or give notice of intention to do so. *Id.*

According to O'Reilly, her claim accrued on April 13, 2011, the date she received a medical diagnosis confirming the cause of her severe allergic reactions.[26] Consequently, O'Reilly contends she had until July 13, 2011 to file a claim or notice of a claim. Yet, she concedes that "no notice of intent to file a tort claim was filed within the 90 day period between April 13, 2011 and July 13, 2011."[27]

By her own admission, O'Reilly did not file a notice of intention to file a tort claim within the requisite ninety-day period.[28] Nor did she file a claim within that period. Her complaint, even if it is construed as a claim, was filed on August 18, 2011, or thirty-six

---

[26] Pl.'s Mot. for Leave to File Tort Claim Out of Time ("Pl.'s Mot.") at 5 (Doc. No. 40).

[27] *Id.*

[28] As we note later, O'Reilly's claim accrued earlier than April 13, 2011, on January 28, 2011. However, for purposes of this section, we use O'Reilly's April 13, 2011 accrual date because no matter which accrual date we use, it is clear that she did not file a notice of claim or claim within the ninety-day period prescribed by the VITCA.

7

days after the ninety-day period had expired. Therefore, unless the time limit is waived, the tort claims against the Government defendants must be dismissed.

### Waiver of the VITCA's Time Limit

The time limit provided in § 3409(c) of the VITCA may be waived upon application of the plaintiff. V.I. Code Ann. tit. 33, § 3409(c). Where a plaintiff has failed to file a claim or notice of claim within the ninety-day time period, she may move for discretionary relief to file a late claim within two years of the date her claim accrued. *Walters v. Gov't of the Virgin Islands*, 30 V.I. 36, 1994 WL 469268, at *2 (V.I. Terr. Ct. June 28, 1994); *Hypolite v. Francois,* Civ. No. ST-12-CV-534, 2013 WL 2279088, at *3 (V.I. Super. May 10, 2013); *Clarke v. Gov't of the Virgin Islands*, 24 V.I. 28, 1988 WL 1628337, at *1 (V.I. Terr. Ct. July 8, 1988).

The defendants contend that O'Reilly did not file her motion for leave to file a tort claim within the two-year time frame. They argue that her claim accrued on January 28, 2011 and her motion was filed on March 12, 2013, two years and one month later. O'Reilly, on the other hand, maintains that her claim accrued on April 13, 2011, which would render her motion timely.

The applicable statute of limitations is governed by territorial law. *See* V.I. Code Ann. tit. 33, § 3409(c). When a cause of action accrued is determined by federal law. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). In this case, when the action accrued is the same under both federal and territorial law. A claim under the VITCA accrues on the date that the plaintiff knows or should have known that she was injured and the cause of her injury. *Daniel v. Gov't of the Virgin Islands*, Civ. No. 1992-0070, 1994 WL 392236, at *3 (D.V.I. App. Div. May 26, 1994); *Samuel v. Govt' of the Virgin Islands*, 44

8

V.I. 201, 2002 WL 531836, at *3 (V.I. Terr. Ct. Mar. 1, 2002). Thus, O'Reilly's action accrued when she knew or should have known what caused her injury.

O'Reilly contends that her claim accrued on April 13, 2011, the date she received a medical diagnosis from her physician, Dr. Prasad, confirming the cause of her severe allergic reactions.[29] Dr. Prasad advised that O'Reilly complained of sinus pressure headaches and numbness on the left side of her face, which she attributed to mold at her place of work.[30] He recommended that O'Reilly refrain from work "until the mold issue is resolved."[31]

O'Reilly knew of her injury and its cause months before April 13, 2011. In her memorandum to Anderson entitled "Health Concerns," dated January 28, 2011, she complained of daily pressure headaches, pain and discomfort that she experienced only while at work.[32] The pain had been occurring since December 20, 2010. She wrote that "[c]learly, I'm having a reaction to my working environment . . ." and was "gravely concerned" about her health.[33]

The January 28 memorandum demonstrates that O'Reilly knew then that her severe allergic reactions were caused by conditions in the workplace.[34] In her motion to file a late tort claim, by attributing the Government defendants' knowledge of her claim

---

[29] Pl.'s Mot. at 5. In the complaint, O'Reilly avers that she was seen by Dr. Prasad on April 12, 2011. *See* Compl. ¶ 47

[30] *Id.* Ex. 5 (April 13, 2011 Letter) (Doc. No. 40-5).

[31] *Id.*

[32] Pl's Mot. Ex. 1 (Jan. 28, 2011 Memorandum re Health Concerns) (Doc. No. 40-1).

[33] *Id.* In considering the Government defendants' jurisdictional attack on O'Reilly's tort claims, we may consider evidence outside the pleadings. *Gould Elecs. Inc. v. U.S.*, 220 F.3d 169, 176 (3d Cir. 2000) (citations omitted). However, here, that evidence does not support O'Reilly's contention that her claim accrued on April 13, 2011.

[34] *Id.*

to her memorandum of January 28, 2011, O'Reilly concedes that she knew of her injury and its cause at that time.[35] Therefore, because O'Reilly knew of her injury and its cause on January 28, 2011, that is when her claim accrued.

Her motion to file a late claim under the Act had to have been filed two years after that date, that is, no later than January 28, 2013. Because O'Reilly filed her motion on March 12, 2013, we have no discretionary authority under the VITCA to waive the notice time limit. *See Mercer v. Gov't of the Virgin Islands*, No. CIV. 523-1980, 1982 WL 975790, at *7 (V.I. Terr. Ct. May 12, 1982) ("[W]here, as here, the filing of a claim would be so late as to put it beyond the two-year filing limit, the court cannot exercise its discretionary authority."); *Van Putten v. Alexis*, No. Civ. 81-412, 1982 WL 975780, at *3 (D.V.I. Oct. 6, 1982) (stating that a motion to file a late claim must be filed within two years from the date on which the claim accrued); *Speaks,* 2009 WL 167330 at *6. Therefore, we shall dismiss her tort claims for negligence, and intentional and negligent infliction of emotional distress in Counts IV and V.[36]

## Occupational Health and Safety

OSHA does not provide a private cause of action. *Ries v. Nat'l R.R. Passenger Corp.*, 960 F.2d 1156, 1164 (3d Cir. 1992); *Dravo Corp. v. Occupational Safety & Health Review Comm'n*, 613 F.2d 1227, 1230 n.2 (3d Cir. 1980) (citation omitted). O'Reilly concedes that there is no private cause of action under OSHA.[37]

---

[35] Pl.'s Mot. at 6.

[36] For the same reasons, we shall deny O'Reilly's motion to file a tort claim out of time under the VITCA. *See* Doc No. 40.

[37] Pl.'s Opp'n at 6.

The Virgin Islands Occupational Safety and Health Act, like its federal counterpart, does not provide for a private cause of action. It only allows the Commissioner of Labor to bring an action against an employer for violations. V.I. Code Ann. tit. 24, §§ 35-38, 44. Thus, we shall dismiss Count III.

**Wrongful Discharge Act**

The Virgin Islands Wrongful Discharge Act ("WDA") allows an employer to fire an employee for nine enumerated reasons. V.I. Code Ann. tit. 24, § 76(a). The Act covers "all or almost all legitimate reasons for discharge." *St. Thomas-St. John Hotel & Tourism Ass'n v. Gov't of the U.S. V.I.*, 218 F.3d 232, 244 (3d Cir. 2000). Therefore, it creates a presumption that an employee has been wrongfully discharged if she is terminated for any reason not listed in the WDA. *Maynard v. Rivera*, 675 F.3d 225, 228-29 (3d Cir. 2012) (citation omitted).

*Constructive Discharge*

O'Reilly alleges that, despite their knowledge of the "adverse effects" the mold had on her health, the defendants failed to remediate mold at the VIDOJ office.[38] As a result, her work conditions were intolerable. But, she does not allege that she was forced to leave her job.

The WDA applies to an employee who has been constructively discharged.[39] *James-Frederick v. Frenchman's Reef and Morning Star Marriott Beach Resort*, Civ. A. No. 12-80, 2013 WL 3992938, at *5 (D.V.I. Aug. 1, 2013) (citation omitted); *Harley v.*

---

[38] Compl. ¶¶ 91-92.

[39] Although the Virgin Islands Supreme Court has not held that the WDA applies to a claim for constructive discharge, a number of courts have recognized such a claim. *See, e.g., James-Frederick v. Frenchman's Reef and Morning Star Marriott Beach Resort*, Civ. A. No. 12-80, 2013 WL 3992938 (D.V.I. Aug. 1, 2013); *Fraser v. Kmart Corp.*, No. 20050129, 2009 WL 1124953 (D.V.I. 2009); *Harley v. Caneel Bay, Inc.*, 193 F. Supp. 2d 833, 838 (D.V.I. 2002).

*Caneel Bay, Inc.*, 193 F. Supp. 2d 833, 837-38 (D.V.I. 2002). The constructive discharge doctrine ensures that employers who do not directly terminate employees but instead create intolerable working conditions that no reasonable person would endure are subject to the WDA. *Rennie v. Hess Oil Virgin Islands Corp.*, No. S. Ct. Civ. 2014-0028, 2015 WL 525941, at *8 n.11 (V.I. Feb. 6, 2015) (citation omitted).

To state a cause of action for constructive discharge under the WDA, O'Reilly must plead that she resigned her employment because of intolerable working conditions. *Id.* at *7-*8 nn.11-12; *James-Frederick*, 2013 WL 3992938 at *5 (citation omitted). She has not done so.

O'Reilly has not stated a claim for constructive discharge. She alleges in her complaint that the Government defendants "are forcing her to have to choose between her health and her job."[40] She further avers that "they would rather have her leave her job."[41] There is no allegation that she resigned from or quit her job. On the contrary, in her motion in opposition to the defendants' motion for judgment on the pleadings, O'Reilly avers that she was terminated, not that she resigned.[42] In any event, O'Reilly cannot use her opposition to state a claim. She must do so in her complaint. *Com. of Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988); *Freeman v. Gov't of the Virgin Islands*, Civ. No. 2011-080, 2014 WL 4627605, at *2 (D.V.I. Sept. 16, 2014) ("The Court does not, however, look to an Opposition to a Motion to Dismiss to

---

[40] Compl. ¶ 94.

[41] Compl. ¶ 95.

[42] *See* Pl.'s Opp'n at 4 & 13.

cure a deficiency in the pleading.") (citation omitted). Therefore, O'Reilly's constructive discharge claim in Count V must be dismissed.[43]

## Punitive Damages

The Government defendants contend that O'Reilly cannot recover punitive damages against them. We agree.[44]

Government employees sued in their official capacities are not subject to punitive damages. *City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 271 (1981); *Thomas v. Roberson*, No. CV 2008-075, 2013 WL 2402946, at *13 n.26 (D.V.I. June 3, 2013) (citing *Smith v. V.I. Port Auth.,* 2008 U.S. Dist. LEXIS 67692, at *22-23 (D.V.I. Aug. 29, 2008); *Williams v. V.I. Hous. Auth.,* No. 2005-0009, 2007 WL 6027814, at *8 (D.V.I. Oct. 25, 2007) (granting motion to dismiss claim for punitive damages against the Government of the Virgin Islands). Thus, we shall dismiss the claims for punitive damages.

## Americans With Disabilities Act

To state a cause of action for discrimination under the ADA, the plaintiff must allege that she (1) is "disabled" within the meaning of the ADA; (2) is otherwise qualified to perform, with or without reasonable accommodations, the essential functions of her job; and (3) has suffered an adverse employment decision as a result of the discrimination. *Gaul v. Lucent Techs. Inc.,* 134 F.3d 576, 580 (3d Cir. 1998) (citation omitted).

---

[43] Because it is not clear why she claims she actually left her job, we shall grant O'Reilly leave to amend her complaint with respect to the constructive discharge claim in Count V only. *See* Fed. R. Civ. P. 15(a)(2).

[44] O'Reilly sues Anderson and Frazer solely in their official capacities. *See* Compl.

13

The term "discriminate" includes a failure to make reasonable accommodations for an otherwise qualified employee's known physical limitations. *Williams v. Phila. Hous. Auth. Police Dep't*, 380 F.3d 751, 761 (3d Cir. 2004); *Fleck v. WILMAC Corp.,* No. 10-05562, 2011 WL 1899198, at *4 (E.D. Pa. May 19, 2011) (citing 42 U.S.C. § 12112(b)(5)(A)).  A plaintiff states a claim for discrimination based on a failure to accommodate where she alleges that an employer refused to make reasonable accommodations to her known physical or mental limitations.  *Kiniropoulos v. Northampton Cnty. Child Welfare Serv.*, 917 F. Supp. 2d 377, 387-88 (E.D. Pa. 2013); *Williams*, 380 F.3d at 761.

O'Reilly has alleged that she informed Anderson of her severe allergies and medical ailments on multiple occasions.  She asked that she be relocated temporarily and that the VIDOJ perform an air quality test.  However, her employer refused.  These allegations are sufficient to state a claim that the Government defendants failed to make a reasonable accommodation to her known physical limitations.

The defendants do not dispute that O'Reilly experienced an adverse employment decision.  They contend that she is not disabled within the meaning of the ADA and that she is not qualified for the job of manager of the SMART program.

### *Disabled*

Under the ADA, a person is disabled if she (1) has a physical or mental impairment that substantially limits one or more major life activities; (2) has a record of the impairment; or, (3) is regarded as having such an impairment.  *Williams*, 380 F.3d at 762 (citing 42 U.S.C. § 12102(2)).  When it passed the ADA Amendments Act of 2008

("ADAAA"), Congress clarified that the phrase "substantially limits" is not intended "to be a demanding standard." 154 Cong. Rec. S8840-01 (2008).

O'Reilly has sufficiently alleged that she suffers from a physical impairment. She has averred that she experienced "recurring headaches and severe allergies" while working in the VIDOJ's office.[45] To deal with her allergic reactions, O'Reilly had to work out of her car and use her sick leave.[46] Her headaches and sinus problems, caused by a mold allergy, constitute a physiological condition affecting her respiratory and immune systems.[47] *See Ramage v. Rescot Sys. Grp., Inc.*, 834 F. Supp. 2d 309, 320 (E.D. Pa. 2011) (considering migraine headaches and a brain tumor as one impairment); *Gallagher v. Sunrise Assisted Living of Haverford*, 268 F. Supp. 2d 436, 440 (E.D. Pa. 2003) (stating that the plaintiff's allergy to cats and dogs was a physical impairment). Her allegation that she has an impairment that is disabling is sufficient to overcome a motion for judgment on the pleadings. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 213 (3d Cir. 2009) (complaint sufficient to survive a motion to dismiss where it identified impairment and alleged that it was a disability).

O'Reilly has also sufficiently alleged that her allergic reactions substantially limited a major life activity. She argues that her major life activity is working. It is well-settled that working is a major life activity under the ADA. 29 C.F.R. § 1630.2(i)(1)(i) (major life activities include working); *Matheson v. Virgin Islands Cmty. Bank, Corp.*, 297 F. Supp. 2d 819, 826 (D.V.I. 2003). Therefore, O'Reilly has stated a claim that she is disabled.

---

[45] Compl. ¶ 32.

[46] Compl. ¶ 21.

[47] Compl. ¶ 15.

*Qualified Individual*

Under the ADA, a qualified individual is one who, with or without reasonable accommodation, can perform the essential functions of the job. *Fleck v. WILMAC Corp.,* No. 10-05562, 2011 WL 1899198, at *6 (E.D. Pa. May 19, 2011) (citing 42 U.S.C. § 12111(8)). The government defendants argue that O'Reilly was not qualified for her job within the meaning of the ADA. They do not contend that she did not possess the qualifications for the job. Instead, they argue she was not able to perform the essential functions of her job as manager of the SMART program because she could not work while physically present in the VIDOJ office. In other words, they unwittingly concede that O'Reilly's allergic reaction to conditions in the workplace prevented her from doing her job.

O'Reilly avers that she is qualified for the position. She has a degree in criminal justice and was hired because of her "training, skill and ability to administer the SMART program."[48] These facts are sufficient to support her assertion that she was qualified for the position.[49]

## Conclusion

We lack jurisdiction over O'Reilly's tort claims against the Government defendants. She does not have a private cause of action under OSHA or the Virgin Islands Occupational Safety and Health law. Nor can she recover punitive damages against the government defendants. O'Reilly has failed to state a claim for constructive discharge under the WDA. However, she has stated a cause of action under the ADA.

---

[48] Compl. ¶ 13.

[49] Compl. ¶ 75.

Therefore, we shall grant the defendants' motion for judgment on the pleadings in part and deny it in part.